IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:23-cv-254 |
| Plaintiff, | : | |
| | : | Judge Matthew W. McFarland |
| v. | : | |
| VIRGINIA GAIL WAGNER, et al., | : | |
| Defendants. | : | |

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT (Doc. 25)

This matter is before the Court on Plaintiff's Motion for Default Judgment (Doc. 25). Defendant has not filed a response, and the time for doing so has passed. *See* S.D. Ohio Civ. R. 7.2(a)(2). Thus, this matter is ripe for the Court's review. For the reasons below, Plaintiff's Motion (Doc. 25) is **GRANTED**.

## FACTS AND PROCEDURAL POSTURE

On May 1, 2023, Plaintiff United States filed this action to enforce federal tax liens against certain real property belonging to Defendant Virginia Wagner. (Compl., Doc. 1.) These tax liens are associated with a prior action in which the United States obtained a default judgment against Wagner for unpaid federal income tax liability in the amount of $175,577.93, plus statutory additions and interest. (*Id.* at ¶ 13.) *See United States v. Virginia Gail Wagner*, 1:21-CV-106 (S.D. Ohio 2021). In the present action, the United States seeks to enforce the tax liens through a sale of Wagner's real property located at 2020 Forestcrest Way, Cincinnati, Ohio 45244-2917. (Compl., Doc. 1, ¶¶ 6, 9.)

On July 10, 2023, Wagner served on the United States her Answer to the Complaint but did not file it with the Court. (Stallings Decl., Doc. 25-2, Pg. ID 122.) On July 18, 2023, counsel for the United States advised Wagner—both through a phone call and in writing—that she must file her Answer with the Court. (*Id.*) Prior to this instruction, Wagner had also executed a waiver of service directing her to "file and serve an answer" by July 10, 2023. (Waiver of Service, Doc. 10.) Still, Wagner failed to file an answer with the Court or appear in this matter. The United States subsequently applied to the Clerk for entry of default against Wagner for failure to plead or otherwise defend. (Application for Default, Doc. 17.) On September 19, 2023, the Clerk entered default against Wagner. (Entry of Default, Doc. 18.) The United States has now moved for default judgment. (Motion for Default Judgment, Doc. 25.)

## LAW

Federal Rule of Civil Procedure 55 governs entries of default and default judgment. A plaintiff seeking entry of default against a defendant must first show, "by affidavit or otherwise," that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Upon such showing, the clerk must enter default against the defendant. *Id.* Following such entry, the plaintiff must apply to the court for a default judgment, except in cases where the claim "is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b).

Once default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint, except those related to damages. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995). Nevertheless, a court

2

deciding whether to grant a motion for default judgment must still satisfy itself that the facts in the complaint state a claim for relief against the defendant. *Kuhlman v. McDonnell*, No. 1:20-CV-510, 2022 WL 407240, at *2 (S.D. Ohio Feb. 10, 2022); *see also Harrison v. Bailey*, 107 F.3d 870 (Table), 1997 WL 49955, at *1 (6th Cir. Feb. 6, 1997) ("Default judgments would not have been proper due to the failure to state a claim against these defendants.").

## ANALYSIS

This matter involves an action to enforce the federal tax liens against certain real property belonging to Wagner. (Compl., Doc. 1.) "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. Such a lien continues "until the liability . . . is satisfied or becomes unenforceable by reason of lapse of time." 26 U.S.C. § 6322.

As federal tax liens are not self-executing, the United States must affirmatively act in order to enforce collection. *United States v. Nat'l Bank of Com.*, 472 U.S. 713, 720 (1985). To do so, the United States may bring a civil action to enforce the lien and "to subject any property, of whatever nature, of the delinquent, or in which [she] has any right, title, or interest, to the payment of such tax." 26 U.S.C. § 7403(a). "It is settled federal law that the United States may seize and sell both real and personal property of the taxpayer, both tangible and intangible, to satisfy its liens." *United States v. Big Value Supermarkets, Inc.*, 898 F.2d 493, 496 (6th Cir. 1990). In adjudicating the matter, courts may decree a sale of such property and order distribution of the proceeds. 26 U.S.C. § 7403(c).

With these standards in mind, the Court considers whether the United States has stated a claim. The federal tax liabilities against Wagner were reduced to judgment in a prior action on September 8, 2021. *See United States v. Virginia Gail Wagner*, 1:21-CV-106 (S.D. Ohio 2021). Once the United States reduces a tax claim to judgment in a timely manner, there is no time limit to enforce the judgment. *United States v. Weintraub*, 613 F.2d 612, 621 (6th Cir. 1979); 26 U.S.C. § 6322. Consequently, the United States' present action is timely.

Furthermore, the United States provides evidence of Wagner's current tax liability. IRS Revenue Officer Advisor Sean Johnson declared that Wagner "is indebted to the United States of America for the federal income tax liabilities in the total amount of $200,200.01, plus statutory additions and interest accruing from and after January 9, 2024." (Johnson Decl., Doc. 25-1, Pg. ID 120.) The United States, in turn, seeks to enforce the tax liens through a sale of Wagner's real property located at 2020 Forestcrest Way, Cincinnati, Ohio 45244-2917. (Compl., Doc. 1, ¶¶ 6, 9; Deed, Doc. 25-2, Pg. ID 123-24.) The Court finds that the United States adequately stated a claim for the requested relief and that default judgment is proper.

The Court hereby **ORDERS** the following:

1) Plaintiff's Motion for Default Judgment (Doc. 25) is **GRANTED**;
2) The United States has valid and subsisting federal tax liens under 26 U.S.C. §§ 6321 and 6322 securing the liabilities previously reduced to judgment in *United States v. Virginia Gail Wagner*, (S.D. Ohio 2021), Case No. 1:21-CV-106 on the Real Property

located at 2020 Forestcrest Way, Cincinnati, Ohio 45244-2917 and has a legal description as follows:

> Situate in Military Survey No. 1674, Anderson Township and being more particularly described as follows:
>
> Lot No. 22 of Forestcrest Subdivision, as recorded in Plat Book 26, Pages 47 and 48 of the Registered Land Records of Hamilton County, Ohio.
>
> Prior Deed Reference: Records of the Hamilton County Recorder, Certificate of Title No. 118985

Meaning to describe the property conveyed to Virginia Gail Wagner, grantor's former spouse, by quitclaim deed of John Karl Wagner, divorced and not remarried, dated November 28, 1994, and recorded with the Hamilton County Recorder as document number 94-197444, at Book 6635, Pages 205-206, on December 8, 1994;

3) The United States' federal tax liens associated with the tax liabilities previously reduced to Judgment in *United States v. Virginia Gail Wagner*, (S.D. Ohio 2021), Case No. 1:21-CV-106, may be enforced against the Real Property, and that Real Property may be sold in a judicial sale, according to law, free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the net proceeds of the sale, after the satisfaction of the direct costs of sale and any real estate taxes due and owing under 26 U.S.C. § 6323(b)(6), to be distributed as follows:

   A) **First, to pay the costs of sale**, including any costs of preserving and protecting the Real Property,

B) **Second, to Defendant Hamilton County, Ohio** to pay any real property taxes or special assessments due with regard to the Real Property that are entitled to priority over the federal tax liens pursuant to 26 U.S.C. 6323(b)(6), as set forth in the stipulation filed at Doc. 21,

C) **Third, to Defendant JPMorgan Chase** in an amount to satisfy the Mortgage on the Property, with a balance due of $31,677.34, as of October 31, 2023, as set forth in the stipulation filed at Doc. 23,

D) **Fourth, to the United States** to satisfy the Judgment of $200,200.01, as of January 9, 2024, plus statutory accruals, and

E) **Fifth**, if there are any remaining funds, per further order of the Court; and

4) This case is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *Matthew W. McFarland*

JUDGE MATTHEW W. McFARLAND